UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DIANA E. BURDINE<br><br>        Plaintiff,<br><br>  -v-<br><br>HELVEY & ASSOCIATES, INC.<br><br>        Defendant. | CASE NO.: 4:19-cv-00077<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Diana E. Burdine, for her complaint against Helvey & Associates, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), as a result of Defendant's unlawful collection practices as more fully described in this complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Indiana.

PARTIES

4. Plaintiff, Diana E. Burdine ("Ms. Burdine"), is a natural adult person residing in Lafayette, Indiana, which lies within the Northern District of Indiana.

5. Ms. Burdine is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant, Helvey & Associates, Inc., is an Indiana corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7. On its website and correspondences to consumers, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

FACTS SUPPORTING CAUSES OF ACTION

9. As Ms. Burdine was reviewing her credit reports, she discovered an entry bearing Defendant's name that was reporting a $677 consumer debt originally owed to *OMS Center of Lafayette* in an active collection status (the "Subject Debt"). Relevant pages from Ms. Burdine's Experian credit report, dated May 7, 2019, are attached to this complaint as Exhibit A.

10. Ms. Burdine did not recognize the Subject Debt as belonging to her.

11. Ms. Burdine also discovered that Defendant had updated its furnishing of the Subject Debt to Experian as recently as April 7, 2019. *See* Exhibit A.

12. Defendant attempted to collect the Subject Debt from Ms. Burdine via its April 7, 2019 credit reporting to Experian.

13. On or around May 7, 2019, Ms. Burdine accessed Defendant's website to ascertain more information about the debt Defendant was attempting to collect from her. A screenshot of the

webpage accessed by Ms. Burdine through Defendant's website is attached to this complaint as Exhibit B (the "Payment Portal").

14. During Ms. Burdine's access to the Payment Portal, Defendant identified itself to Ms. Burdine as a debt collector attempting to collect upon a debt. *See* Exhibit B.

15. During Ms. Burdine's access to the Payment Portal, she became confused and concerned by the significant difference between the total balance of the Subject Debt that was stated in her credit report ($677) and the balance of the Subject Debt that Defendant represented on the Payment Portal ($930.77). *Compare* Exhibit A and Exhibit B.

16. Defendant attempted to collect the Subject Debt from Ms. Burdine during her accessing of the Payment Portal. *See* Exhibit B.

## DAMAGES

17. Ms. Burdine was misled by Defendant's collection activity.

18. Ms. Burdine justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

19. Due to Defendant's conduct, Ms. Burdine was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20. Due to Defendant's conduct, Ms. Burdine is entitled to statutory damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

GROUNDS FOR RELIEF

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1)*

21. All prior paragraphs are incorporated into this count by reference.

22. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

23. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) by attempting to collect conflicting balances from Plaintiff in connection with the Subject Debt ($677 – credit reporting vs. $930.77 – Payment Portal). In doing so, Defendant made a false representation as to the amount of the Subject Debt that was actually still due and owing.

24. As an experienced debt collector, Defendant knows that its representations to a consumer concerning the amount of an alleged debt are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

25. As set forth in paragraphs 17 through 20 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Diana E. Burdine, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 14th day of August, 2019.          Respectfully Submitted,

  /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC