# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DIANA E. BURDINE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:19-CV-77-TLS-JEM |
| HELVEY & ASSOCIATES, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Parties' Stipulation of Dismissal [ECF No. 13] filed pursuant to Federal Rule of Civil Procedure Rule 41. The Parties appear to intend to rely on Rule 41(a)(1)(A)(ii), though they do not specify which part of the Rule beyond referring to "41(a)." The Parties make the curious statement in the Stipulation that the "action is dismissed, without prejudice, with leave to reinstate the case on or before December 2, 2019. On December 3, 2019, the dismissal will be entered with prejudice . . . ." Stipulation of Dismissal, ECF No. 13.

## STANDARD OF REVIEW

A plaintiff may voluntarily dismiss a civil action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). A stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) is as of right and deprives the Court of jurisdiction when filed. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). These voluntary dismissals are generally without prejudice unless the parties specify otherwise, which the parties are free to do. Fed. R. Civ. P. 41(a)(2).

# ANALYSIS

Here, the parties filed a stipulation of dismissal that does not comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) because it purports to enter a dismissal without prejudice on the day it was filed but then later change that to a dismissal with prejudice on December 3, 2019. This does not comport with the federal rules because Federal Rule of Civil Procedure 41(a)(1)(B) allows for a dismissal under Rule 41(a)(1) either with prejudice, or without. Federal Rule of Civil Procedure 41(a)(1)(B) does not provide for a stipulation that changes after dismissal from being without prejudice to with prejudice.

The Court acknowledges that a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is self-executing and does not require any action from the court, generally stripping the court of its jurisdiction. *See Jenkins*, 506 F.3d at 624; *see also Scott v. Delbert Servs. Corp.*, 973 F. Supp. 2d 949 (E.D. Wis. 2013) (refusing to sign a proposed order dismissing the case after a 41(a)(1)(A)(ii) stipulation was filed because the "case was dismissed the moment the plaintiff filed the stipulation"). However, because the parties' stipulation does not comport with the federal rules, the Court views it in the same light as a stipulation for dismissal that is not signed by one of the parties and, therefore, as not effective. *See Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 860 (7th Cir. 2004) (noting that a stipulation for dismissal under then Rule 41(a)(1)(ii) that was not signed by both parties was not effective).

# CONCLUSION

The Court therefore STRIKES the Parties' Stipulation of Dismissal [ECF No. 13] but GRANTS the parties leave to file a stipulation of dismissal by December 3, 2019, that comports with this order and the requirements of Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

SO ORDERED on October 30, 2019.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT